UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

       *Plaintiff*,

  v.

U.S. CUSTOMS AND BORDER
PROTECTION, *et al.*,

       *Defendants*.

Civil Action No. 20-672 (RDM)

**MEMORANDUM OPINION**

Plaintiff John Doe, proceeding *pro se*, brought this action against the United States and U.S. Customs and Border Protection ("CBP"), alleging that their refusal to permit him to board a flight from Guam to Honolulu, Hawaii, violated his "[r]ight to freedom of movement" and constituted an unlawful "act of discrimination on the basis of immigration status," Dkt. 16 at 4–5 (Am. Compl.), "and/or nationality," Dkt. 8-1 at 6. Doe sought declaratory relief "[r]ecogniz[ing] CBP's actions . . . as illegal and discriminatory," injunctive relief "oblig[ating] CBP to [permit Doe] unhindered admission [to his] . . . Guam-Honolulu flight at any date convenient to [Doe]," and money damages. Dkt. 16 at 5.

Doe is a Russian national who was paroled into Guam on September 3, 2018, under the Secretary of Homeland Security's discretion to parole into the United States certain noncitizens who are applying for admission into the United States but are either inadmissible or do not have a legal basis to enter. Dkt. 11 at 1; *see* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5. As part of the Secretary's parole policy for Russian nationals, Doe's "parole authorization [wa]s limited to Guam and the [Commonwealth of Northern Mariana Islands] only and d[id] not

confer the benefit of travel to another location within the United States." Dkt. 11 at 2.  Doe filed an application for asylum status on September 17, 2018.  *Id.* at 3.  On November 30, 2019, he attempted to board a flight from Guam to Honolulu, Hawaii.  *Id.* at 4.  Prior to boarding, however, Doe underwent a preinspection process by CBP pursuant to 8 C.F.R. § 235.5, which permits passengers to board an aircraft leaving from Guam and headed directly to the United States only if they are found to be admissible to the United States.  *Id.*  The CBP officer conducting the inspection found that Doe was inadmissible and did not permit him to board the aircraft.  *Id.*

Doe commenced this action on March 2, 2020, Dkt. 1, and filed an amended complaint on June 18, 2020, Dkt. 16.  He asserted claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*[1]  On June 23, 2020, Defendants moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Dkt. 18.  On March 16, 2021, the Court granted in part and denied in part Defendants' motion to dismiss in a Memorandum Opinion and Order.  Dkt. 23.  The Court dismissed Plaintiff's claims for money damages under *Bivens*, because "*Bivens* applies to federal officials sued in their personal capacities and is unavailable in cases brought against the United States or 'agencies of the Federal Government.'"  *Id.* at 11 (quoting *FDIC v. Meyer*,

---

[1] Although Plaintiff's amended complaint did not invoke the APA in so many words, the Court previously concluded that, liberally construed, Doe's complaint raises "a challenge either to (1) the CBP's decision to prevent him from traveling freely to Honolulu or (2) the CBP's regulations which, according to the agency, required that result but which, according to Doe, are inconsistent with other statutory, regulatory, and international legal provisions," Dkt. 23 at 13–14.  The Court concluded that, so viewed, these claims "arguably arise under the APA," which grants a "[r]ight to review" to all "person[s] suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action," *id.* at 14 (quoting 5 U.S.C. § 702), and permits courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law . . . [,] contrary to constitutional right . . . [, or] in excess of statutory jurisdiction, authority, or limitation[]," *id.* (quoting 5 U.S.C. § 706(2)).

510 U.S. 471, 486 (1994)).  Since Doe's complaint named only two defendants—CBP and the United States—both of whom "are cloaked in the sovereign immunity of the United States," the Court concluded that neither defendant was "subject to a claim for money damages under *Bivens*."  *Id.*[2]

The Court denied Defendants' motion to dismiss, however, with respect to Doe's APA claims.  Defendants argued that Doe's claims failed as a matter of law because they did not challenge a "final agency action," as required by the APA.  But the Court was unpersuaded in light of a letter CBP sent to Doe, in which it explained that Doe had not been permitted to board his flight because "only . . . persons who have been found to be admissible to the United States [may] depart on the flight," and "[b]ecause [Doe] ha[d] not been granted any legal status in the United States[,] [he] was not found to be admissible, and therefore the regulations prohibit CBP from allowing [Doe] to proceed."  Dkt. 23 at 15–16 (quoting Dkt. 8-1 at 5).  Based on the information in the record, the Court concluded that this letter appeared to memorialize "'the consummation of the agency's decisionmaking process' as to Doe's admissibility" and, therefore, constituted final agency action.  *Id.* at 15 (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)).

The parties subsequently filed cross-motions for summary judgment with respect to Doe's APA claims.  *See* Dkt. 31; Dkt. 32.  On November 15, 2021, however, Doe filed a Notice of Change of Circumstances with the Court, Dkt. 37, in which he stated: "I received an official letter from USCIS DHS informing me that I have been granted asylum status" and

---

[2] The Court considered whether Plaintiff's complaint, read liberally, might be construed to state a claim for money damages against the CBP officer who barred Plaintiff from boarding his flight, but ultimately concluded that no such claim had been raised.  Dkt. 23 at 13.  Since the Court's decision, Plaintiff has not sought leave to amend his complaint to add that officer as a defendant.

"[a]pparently, from now on, I can freely move between Guam and the mainland." Dkt. 37 at 1. In response to Doe's notice, on November 17, 2021, the Court ordered the parties to "show cause why the Court should not dismiss Plaintiff's complaint as moot." Min. Order (Nov. 17, 2021). Doe filed his response, which he styled as a "Motion to Continue Trial" on November 29, 2021, Dkt. 37, and the government filed its response on December 1, 2021, Dkt. 38.

Upon consideration of the parties' submissions, the Court concludes that Doe's grant of asylum status in the United States has rendered the sole remaining claim in this matter moot. In his response, Doe argues that not all of his claims are moot, since, in addition to prospective relief, his complaint also asked the Court to "[r]ecognize the CBP's actions . . . as illegal and discriminatory" and "establish the right to compensation." Dkt. 39 at 1. This argument fails. As explained above, the Court has already dismissed Plaintiff's claim for money damages under *Bivens*, *see* Dkt. 23 at 13, and money damages are unavailable under the APA, *see* 5 U.S.C. § 702; *Emory v. United Air Lines, Inc.*, 720 F.3d 915, 921 (D.C. Cir. 2013). Because the Court previously dismissed Doe's claim for damages, and because Doe is now free to enter the United States, Doe's complaint no longer states "a legally cognizable injury traceable to the alleged violations," and as a result, the Court "can no longer provide" Doe with "any meaningful relief." *Kennecott Utah Copper Corp. v. Dep't of Interior*, 88 F.3d 1191, 1207 (D.C. Cir. 1996). Accordingly, the Court will **DISMISS** Doe's sole remaining claim, Dkt. 16, as moot.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 3, 2021